08-3999-cv
Rosario Veiga v. World Meteorological Organisation

Marrero, J.
S.D.N.Y.
07-cv-3182

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand nine

PRESENT:

PIERRE N. LEVAL,
ROSEMARY S. POOLER,
BARRINGTON D. PARKER,
*Circuit Judges.*

_____

Maria Do Rosario Veiga,

_____*Plaintiff-Appellant*,

-v.-                                                     **No. 08-3999-cv**
                                                        **SUMMARY ORDER**

World Meteorological Organisation, Michel Jerraud, Jorge Cortes, Joachim Miller, Iwona Rummel-Buska,

*Defendants-Appellees,*

United States Department of Justice,

*Intervenor.*

_____

FOR PLAINTIFF-APPELLANT:   Edward Patrick Flaherty, Schwab, Flaherty & Associes, Geneva, Switzerland.

FOR INTERVENOR:   Emily E. Daughtry, Assistant United States Attorney (David S. Jones, Assistant United States Attorney, Lev L. Dassin, Acting United States Attorney, *on the brief*), Office of the United States Attorney for the Southern District of New York, New York, New York.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Maria Do Rosario Veiga appeals from the judgment of the United States District Court for the Southern District of New York (Marrero, *J.*) dismissing her claims for lack of subject-matter jurisdiction. Rosario Veiga brought suit against the World Meteorological Organisation (the "WMO") and several individual defendants after, she alleges, she was wrongly dismissed from her position at the WMO. She asserts that federal courts have jurisdiction over her claims, which include breach of contract, defamation, and violations of the Racketeering Influenced Corrupt Organization Act, 18 U.S.C. § 1962(c) ("RICO"), by virtue of the Alien Tort Statute, 28 U.S.C. § 1350 (the "ATS"). Rosario Veiga and the individual defendants are all residents of foreign nations; all but one are also foreign nationals. All relevant events occurred in Geneva, Switzerland. We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

On appeal, Rosario Veiga argues that the district court erred in 1) ruling that she lacked standing to raise constitutional objections to the International Organizational Immunities Act, 22 U.S.C. § 288a (the "IOIA"), because she is a non-resident foreign national; 2) that the IOIA is

-2-

unconstitutional; 3) that the IOIA does not grant as sweeping an immunity as the district court accorded the defendants; and 4) that immunities accorded the defendants violate the International Covenant on Civil and Political Rights, Dec. 19, 1966, 999 U.N.T.S. 171, (the "ICCPR"). Finding no error, we affirm.

**DISCUSSION**

We review a district court's dismissal of a claim for lack of subject-matter jurisdiction *de novo*. *Flores v. Southern Peru Copper Corp.*, 414 F.3d 233, 241 (2d Cir. 2003). Rosario Veiga does not dispute that the WMO is immune under the IOIA, and we agree that it is. The remaining dispute is whether that immunity is constitutional. We do not address whether Rosario Veiga, a non-resident foreign national, has standing to claim the protections of various constitutional provisions, because we conclude that her constitutional arguments fail.

Rosario Veiga argues that the immunity granted by the IOIA violates numerous constitutional provisions, including 1) the Fifth Amendment's just compensation clause; 2) the Fifth Amendment's due process clause's protection of procedural rights; 3) the Fifth Amendment's due process clause's protection of substantive rights; 4) the First Amendment's petition clause; and 5) the Seventh Amendment's jury clause. We confronted and rejected similar arguments in *Brzak v. United Nations*, 08-2799-cv (2d Cir. Mar. 2, 2010). As we stated in *Brzak*, "Each of these arguments fail, as each does no more than question why immunities in general should exist. The short – and conclusive – answer is that legislatively and judicially crafted immunities of one sort or another have existed since well before the framing of the Constitution, have been extended and modified over time, and are firmly embedded in American law." Rosario Veiga offers no principled argument explaining why the immunity she challenges in this case is different. Therefore, Rosario Veiga's

claims were dismissed correctly.

Rosario Veiga also claims that the application of immunity would violate the ICCPR. This argument fails because the United States ratified the treaty subject to the understanding it was not self-executing; and, we have concluded that this understanding means that the ICCPR does not create a private right of action. *See Flores v. Southern Peru Copper Corp.*, 414 F.3d 233, 258 n.35 (2d Cir. 2003). Rosario Veiga also claims that the immunity that the IOIA grants to the individual defendants is not as broad as the district court held it to be; however, this claim is waived since it was not raised below. *See In Re Nortel Networks Corp. Securities Litigation*, 539 F.3d 129, 132 (2d Cir. 2008).

We have considered appellant's remaining arguments and find them to be without merit.

**CONCLUSION**

For the foregoing reasons, the judgment of the district court is AFFIRMED.

For the Court:

Catherine O'Hagan Wolfe, Clerk

_____